UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.:

MICHAEL BOOKER and
DEBORAH BOOKER,
Plaintiffs,


v.

SHERIFF PEYTON C. GRINNELL as
Sheriff of Lake County, Florida Sheriff's Office;
CORPORAL KEVIN VILCHES,(badge #1570)
in his individual capacity; and OFFICER DREW EVANS,
(badge #195) in his individual capacity,
Defendants.
_____/


**COMPLAINT**

**INTRODUCTION**


**COMES NOW**, the Plaintiffs', MICHAEL BOOKER and DEBORAH

BOOKER (hereinafter referred to as "Plaintiffs"), by and through their

undersigned counsel and sues Defendants', SHERIFF PEYTON C.

GRINNELL as Sheriff of Lake County, Florida Sheriffs Office, (hereinafter "

GRINNELL") CORPORAL KEVIN VILCHES, in his individual capacity

(hereinafter "VILCHES") and OFFICER DREW EVANS, (badge #195) in his

individual capacity and herein requests judgment of this court declaring unconstitutional and unlawful certain actions of the defendant, which resulted in Plaintiffs' being deprived of their constitutional rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution as well as other civil rights guaranteed to them, and seeks damages from the Defendants as compensation for the deprivation of their constitutional rights for an award of attorney's fees as authorized by law, all reasonable costs of this action, and for any other and further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. This Court has concurrent jurisdiction for the pendant state law claims that arise out of Lake County Florida.

## PARTIES

4. Plaintiff, MICHAEL BOOKER is presently a resident of Lake County, Florida and at all material times herein was a resident of Lake County, Florida.

5. Plaintiff, DEBORAH BOOKER is presently a resident of Lake County, Florida and at all material times herein was a resident of Lake County, Florida.

6. Defendant, GRINNELL is the Sheriff of Lake County, Florida and is a law enforcement officer.

7. Defendant, CORPORAL KEVIN VILCHES is a police officer who is employed by Lake County Sheriff's Office; is over the age of 18 and on information and belief is a resident in or conducts business in Lake County, Florida and is being sued in his individual capacity.

8. Defendant, OFFICER DREW EVANS, is a police officer who is employed by Clermont Police Department; is over the age of 18 and on information and belief is a resident in or conducts business in Lake County, Florida and is being sued in his individual capacity.

## GENERAL ALLEGATIONS

9. The events giving rise to this complaint occurred or originated in Lake County, Florida.

10. This is an action for money damages for the injuries suffered by Plaintiff, MICHAEL BOOKER as a result of negligent conduct, in violation of Plaintiff's civil constitutional rights.

11. This is an action for money damages for the injuries suffered by Plaintiff, DEBORAH BOOKER as a result of negligent conduct, in violation of Plaintiff's civil constitutional rights.

12. Throughout the investigation of Plaintiffs', MICHAEL BOOKER and DEBORAH BOOKER. Defendants', VILCHES AND EVANS showed deliberate indifference towards Plaintiffs' civil and constitutional rights by alleging that the Plaintiffs' committed the crime of Resisting Arrest Without Violence a First-Degree Misdemeanor.

13. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory ....subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

14. All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

15. Pursuant to§ 768.28(6)(a), Florida Statutes, Plaintiffs have notified Defendants' of Plaintiff's claims six months or more prior to the filing of this action and said claims were not resolved.

16. Plaintiff has fully complied with § 768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services.

17. On September 3, 2020, Plaintiffs, MICHAEL BOOKER and DEBORAH BOOKER was arrested and charged with Resisting Arrest Without Violence in Lake County Florida.

18. On September 3, 2020, Defendants', CORPORAL KEVIN VILCHES and OFFICER DREW EVANS went to the Plaintiffs' home located at 362 Sky Valley Street in Clermont Lake County Florida.

19. MICHAEL BOOKER opened one of the two doors to the resident but not the glass storm door to speak to CORPORAL KEVIN VILCHES and OFFICER DREW EVANS .

20. CORPORAL VILCHES asked MICHAEL BOOKER to step outside and MICHAEL BOOKER said no and asked what was going on.

21. At this time DEBORAH BOOKER approached the door to listen to what CORPORAL KEVIN VILCHES had to say as to why he was at the residence.

22. CORPORAL KEVIN VILCHES explained that he was there investigating an incident that occurred with a child that was living there.

23. At that time both DEBORAH BOOKER and MICHAEL BOOKER let CORPORAL KEVIN VILCHES know there were no children in the home and that there were no children that lived at the home.

24. CORPORAL KEVIN VILCHES told the Plaintiffs' that he was conducting a criminal investigation involving a battery on a child and the school had given him the Plaintiffs address and said the child had lived in their home.

25. DEBORAH BOOKER and MICHAEL BOOKER told CORPORAL KEVIN VILCHES to contact the school and get a better address because the child did not live in their home and was not at their home.

26. CORPORAL VILCHES said that because he was conducting a criminal investigation that the Plaintiffs' had to provide them with their identification.

27. Plaintiffs' both told CORPORAL VILCHES they were not providing him with their identification.

28. CORPORAL VILCHES told the Plaintiffs' that he was ordering the Plaintiffs' to provide their identification and failure to provide their identification would lead to their arrest for failure to obey his command.

29. The Plaintiffs' were both inside of their home when CORPORAL VILCHES was ordering them to provide him with their identification.

30. After the Plaintiffs' again refused to provide their identification, they started to close their door and CORPORAL VILCHES opened the Plaintiffs' storm door and the Plaintiffs' both told VILCHES he could not enter their home and at that point he proceeded to push open their front door and grabbed MICHAEL BOOKER and placed him under arrest.

31. DEBORAH BOOKER was in the living room telling VILCHES to get out of their home and to let MICHAEL BOOKER go but instead of exiting their home and letting MICHAEL BOOKER go, OFFICER DREW EVANS ran into the home after DEBORAH BOOKER to detain her.

32. VILCHES then assisted EVANS by throwing DEBORAH BOOKER to the ground with extreme force and arresting her in the living room.

33. VILCHES entered Plaintiffs' home and arrested both of the Plaintiffs' without a warrant or warrant exception.

34. EVANS entered the Plaintiffs' home and assisted in arresting DEBORAH BOOKER without a warrant or warrant exception.

35. Defendants, CORPORAL KEVIN VILCHES and OFFICER DREW EVANS did not have probable cause or arguable probable cause to arrest the Plaintiffs'.

36. Defendant, CORPORAL KEVIN VILCHES effectuated the arrest as retaliation for Plaintiffs not providing identification.

37. Defendant, CORPORAL KEVIN VILCHES intentionally and unlawfully arrested the Plaintiffs knowing that he did not have probable cause to arrest the Plaintiffs.

38. Defendant, OFFICER DREW EVANS intentionally and unlawfully assisted in arresting DEBORAH BOOKER knowing that he did not have probable cause to arrest her.

39. CORPORAL KEVIN VILCHES and OFFICER DREW EVANS arrested DEBORAH BOOKER in her living room and used excessive force during the arrest as they slammed her to the ground after they unlawfully entered her home.

40. MICHAEL BOOKER had to be taken to the hospital as a result of the force used to arrest him and watching DEBORAH BOOKER being thrown around by CORPORAL KEVIN VILCHES and OFFICER DREW EVANS.

41. CORPORAL KEVIN VILCHES charged the Plaintiffs' with Resisting an Arrest Without Violence.

42. Plaintiffs' have continued to have emotional trauma and nightmares from the arrest that day and having to plead with CORPORAL KEVIN

VILCHES and OFFICER DREW EVANS not to arrest them and unlawfully enter their home.

43. Defendants, CORPORAL KEVIN VILCHES and OFFICER DREW EVANS Violated the Plaintiffs Constitutional Rights to be free from unlawful arrest and Unlawful entry into their home because the Plaintiffs' did not give the Defendants' permission to enter their home.

44. Plaintiffs did not give consent for the Defendants', CORPORAL KEVIN VILCHES and OFFICER DREW EVANS to enter their home.

45. Plaintiffs' home was unlawfully entered without their consent or a warrant Defendants', CORPORAL KEVIN VILCHES and OFFICER DREW EVANS.

46. On December 9, 2020, the State Attorney's Office filed a Nolle Prosequi, therefore disposing of the case.

47. The Plaintiffs had to hire an attorney to represent them on the criminal charges.

## FEDERAL CLAIMS

### COUNT I
### 42 U.S.C. § 1983
(MICHAEL BOOKER Claim of Unlawful Arrest against CORPORAL KEVIN VILCHES)

48. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, CORPORAL KEVIN VILCHES.

49. MICHAEL BOOKER realleges the allegations contained in paragraphs 1-7, 9-37, and 39-47 above, as if fully set forth herein.

50. MICHAEL BOOKER has the right under the United States Constitution to be secure from unlawful restraint of his person, which may be restricted only upon due process of law under the Fourth Amendment to the United States Constitution.

51. On or about September 3, 2020, Defendant, CORPORAL KEVIN VILCHES, in his individual capacity while working as a Lake County Sheriff's Officer deprived MICHAEL BOOKER of his rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, CORPORAL KEVIN VILCHES illegally arrested MICHAEL BOOKER without a warrant or probable cause and caused MICHAEL BOOKER to be deprived of his liberty and thereby causing MICHAEL BOOKER physical and emotional pain and suffering. Defendant, CORPORAL KEVIN VILCHES had no legal right to detain MICHAEL BOOKER.

52. The primary, obvious, and sole purpose of the illegal and wrongful detention and unlawful restraint of MICHAEL BOOKER was to

deprive and infringe upon MICHAEL BOOKER's constitutional rights. As a result, MICHAEL BOOKER was deprived of his rights under the Fourth Amendment to the United States Constitution. Violation of this right entitles MICHAEL BOOKER to an award of damages for loss of that right and the damages that resulted therefrom.

53. Defendant, CORPORAL KEVIN VILCHES took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of MICHAEL BOOKER. The acts of Defendant, CORPORAL KEVIN VILCHES violated the clearly established Fourth Amendment constitutional rights of MICHAEL BOOKER.

54. Defendant CORPORAL KEVIN VILCHES knew that his actions would deprive MICHAEL BOOKER of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

55. As a direct result of Defendant, CORPORAL KEVIN VILCHES actions, MICHAEL BOOKER has suffered damages, including but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, emotional damage, mental suffering, damage

suffered to his reputation, and all others damages associated with MICHAEL BOOKER's arrest, which exist to this day and which emotional suffering and damage is likely to continue into the future.

56. MICHAEL BOOKER has retained the undersigned counsel to bring this action under 42 U.S.C §1983 and is entitled to recover from Defendant, CORPORAL KEVIN VILCHES a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, MICHAEL BOOKER, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant CORPORAL KEVIN VILCHES, in his individual capacity, and to award MICHAEL BOOKER his attorney's fees and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, MICHAEL BOOKER requests punitive damages against Defendant, CORPORAL KEVIN VILCHES, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT II
## 42 U.S.C. § 1983
(DEBORAH BOOKER Claim of Unlawful Arrest against CORPORAL KEVIN VILCHES)

57. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, CORPORAL KEVIN VILCHES.

58. DEBORAH BOOKER realleges the allegations contained in paragraphs 1-7, 9-37, and 39-47 above, as if fully set forth herein.

59. DEBORAH BOOKER has the right under the United States Constitution to be secure from unlawful restraint of her person, which may be restricted only upon due process of law under the Fourth Amendment to the United States Constitution.

60. On or about September 3, 2020, Defendant, CORPORAL KEVIN VILCHES, in his individual capacity while working as a Lake County Sheriff's Officer deprived DEBORAH BOOKER of her rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, CORPORAL KEVIN VILCHES illegally arrested DEBORAH BOOKER without a warrant or probable cause and caused DEBORAH BOOKER to be deprived of her liberty and thereby causing DEBORAH BOOKER physical and emotional pain and suffering. Defendant, CORPORAL KEVIN VILCHES had no legal right to detain DEBORAH BOOKER.

61. The primary, obvious, and sole purpose of the illegal and wrongful detention and unlawful restraint of DEBORAH BOOKER was to deprive and infringe upon DEBORAH BOOKER's constitutional rights. As a result, DEBORAH BOOKER was deprived of her rights

under the Fourth Amendment to the United States Constitution. Violation of this right entitles DEBORAH BOOKER to an award of damages for loss of that right and the damages that resulted therefrom.

62. Defendant, CORPORAL KEVIN VILCHES took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of DEBORAH BOOKER. The acts of Defendant, CORPORAL KEVIN VILCHES violated the clearly established Fourth Amendment constitutional rights of DEBORAH BOOKER.

63. Defendant CORPORAL KEVIN VILCHES knew that his actions would deprive DEBORAH BOOKER of her constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

64. As a direct result of Defendant, CORPORAL KEVIN VILCHES actions, DEBORAH BOOKER has suffered damages, including but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, emotional damage, mental suffering, damage suffered to her reputation, and all others damages associated with DEBORAH BOOKER's arrest, which exist to this day and which

emotional suffering and damage is likely to continue into the future.

65. DEBORAH BOOKER has retained the undersigned counsel to bring this action under 42 U.S.C §1983 and is entitled to recover from Defendant, CORPORAL KEVIN VILCHES a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, DEBORAH BOOKER, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant CORPORAL KEVIN VILCHES, in his individual capacity, and to award DEBORAH BOOKER her attorney's fees and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, DEBORAH BOOKER requests punitive damages against Defendant, CORPORAL KEVIN VILCHES, individually, for his conduct, which would deter him and others from such conduct in the future.

### **COUNT III**
### **42 U.S.C. § 1983**
(DEBORAH BOOKER Claim of Unlawful Arrest against OFFICER DREW EVANS)

66. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, OFFICER DREW EVANS.

67. DEBORAH BOOKER realleges the allegations contained in paragraphs 1-3, 5, 8-9, and 11-47 above, as if fully set forth herein.

68. DEBORAH BOOKER has the right under the United States Constitution to be secure from unlawful restraint of her person, which may be restricted only upon due process of law under the Fourth Amendment to the United States Constitution.

69. On or about September 3, 2020, Defendant, OFFICER DREW EVANS, in his individual capacity while working as a City Of Clermont Police Officer deprived DEBORAH BOOKER of her rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, OFFICER DREW EVANS illegally arrested DEBORAH BOOKER without a warrant or probable cause and caused DEBORAH BOOKER to be deprived of her liberty and thereby causing DEBORAH BOOKER physical and emotional pain and suffering. Defendant, OFFICER DREW EVANS had no legal right to detain DEBORAH BOOKER.

70. The primary, obvious, and sole purpose of the illegal and wrongful detention and unlawful restraint of DEBORAH BOOKER was to deprive and infringe upon DEBORAH BOOKER's constitutional rights. As a result, DEBORAH BOOKER was deprived of her rights

under the Fourth Amendment to the United States Constitution. Violation of this right entitles DEBORAH BOOKER to an award of damages for loss of that right and the damages that resulted therefrom.

71. Defendant, OFFICER DREW EVANS took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of DEBORAH BOOKER. The acts of Defendant, OFFICER DREW EVANS violated the clearly established Fourth Amendment constitutional rights of DEBORAH BOOKER.

72. Defendant OFFICER DREW EVANS knew that his actions would deprive DEBORAH BOOKER of her constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

73. As a direct result of Defendant, OFFICER DREW EVANS actions, DEBORAH BOOKER has suffered damages, including but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, emotional damage, mental suffering, damage suffered to his reputation, and all others damages associated with DEBORAH BOOKER's arrest, which exist to this day and which emotional

suffering and damage is likely to continue into the future.

74. DEBORAH BOOKER has retained the undersigned counsel to bring this action under 42 U.S.C §1983 and is entitled to recover from Defendant, OFFICER DREW EVANS a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, DEBORAH BOOKER, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant, OFFICER DREW EVANS, in his individual capacity, and to award DEBORAH BOOKER her attorney's fees and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, DEBORAH BOOKER requests punitive damages against Defendant, OFFICER DREW EVANS, individually, for his conduct, which would deter him and others from such conduct in the future.

## **COUNT IV**
## **42 U.S.C. § 1983**
(MICHAEL BOOKER claim of Unlawful Entry against CORPORAL KEVIN VILCHES)

75. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, CORPORAL KEVIN VILCHES.

76. MICHAEL BOOKER realleges the allegations contained in paragraphs 1-7, 9-37, and 39-47 above, as if fully set forth herein.

77. CORPORAL KEVIN VILCHES is a police officer employed by the Lake County Sheriff's Office.

78. The Fourth Amendment to the United States Constitution is violated when a police officer enters the home (a) without a warrant, or (b) absent probable cause and (c) exigent circumstances.

79. MICHAEL BOOKER has the right under the United States Constitution to be secure from unlawful entry of his home.

80. On or about September 3, 2020, Defendant, CORPORAL KEVIN VILCHES, in his individual capacity while working as a Lake County Sheriff Deputy deprived MICHAEL BOOKER of his rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, without a warrant or warrant exception CORPORAL KEVIN VILCHES entered the MICHAEL BOOKER's home.

81. Defendant's illegal entry of MICHAEL BOOKER's home caused MICHAEL BOOKER to be deprived of his liberty and property thereby causing MICHAEL BOOKER physical and emotional pain and suffering. Defendant, CORPORAL KEVIN VILCHES had no legal right to enter MICHAEL BOOKER's home.

82. The primary, obvious, and sole purpose of the illegal and unlawful entry

of MICHAEL BOOKER's home was to deprive and infringe upon MICHAEL BOOKER's constitutional rights to be free from unlawful police entry. As a result, MICHAEL BOOKER was deprived of his rights under the Fourth Amendment of the United States Constitution. Violation of this right entitles MICHAEL BOOKER to an award of damages for loss of that right and the damages that resulted therefrom.

83. Defendant, CORPORAL KEVIN VILCHES took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of MICHAEL BOOKER. The acts of Defendant, CORPORAL KEVIN VILCHES violated the clearly established constitutional rights of MICHAEL BOOKER, rights of which every reasonable officer knows.

84. Defendant CORPORAL KEVIN VILCHES knew that his actions would deprive MICHAEL BOOKER of his constitutional rights but proceeded with the unlawful action of entering the MICHAEL BOOKER's home with willful disregard for the consequences of his actions.

85. As a direct result of Defendant, CORPORAL KEVIN VILCHES 's actions, MICHAEL BOOKER has suffered damages, including but not

limited to, physical inconvenience, physical discomfort and pain, physical suffering, emotional damage, mental suffering, damage suffered to his reputation, and all others damages associated with the unlawful entry of MICHAEL BOOKER's home, which exist to this day and which emotional suffering and damage is likely to continue into the future.

86. MICHAEL BOOKER has retained the undersigned counsel to bring this action under 42 U.S.C §1983 and is entitled to recover from Defendant, CORPORAL KEVIN VILCHES a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, MICHAEL BOOKER, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant CORPORAL KEVIN VILCHES, in his individual capacity, and to award MICHAEL BOOKER his attorneys fees and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, MICHAEL BOOKER requests punitive damages against Defendant, CORPORAL KEVIN VILCHES, individually, for his conduct, which would deter him and others from such conduct in the future.

### COUNT V
### 42 U.S.C. § 1983

(DEBORAH BOOKER claim of Unlawful Entry against CORPORAL KEVIN VILCHES

87. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, CORPORAL KEVIN VILCHES.

88. DEBORAH BOOKER realleges the allegations contained in paragraphs 1-7, 9-37, and 39-47 above, as if fully set forth herein.

89. CORPORAL KEVIN VILCHES is a police officer employed by the Lake County Sheriff's Office.

90. The Fourth Amendment to the United States Constitution is violated when a police officer enters the home (a) without a warrant, or (b) absent probable cause and (c) exigent circumstances.

91. DEBORAH BOOKER has the right under the United States Constitution to be secure from unlawful entry of his home.

92. On or about September 3, 2020, Defendant, CORPORAL KEVIN VILCHES, in his individual capacity while working as a Lake County Sheriff Deputy deprived DEBORAH BOOKER of her rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, without a warrant or warrant exception CORPORAL KEVIN VILCHES entered the DEBORAH Booker's home.

93. Defendant's illegal entry of DEBORAH BOOKER's home caused

DEBORAH BOOKER to be deprived of her liberty and property thereby causing DEBORAH BOOKER physical and emotional pain and suffering. Defendant, CORPORAL KEVIN VILCHES had no legal right to enter DEBORAH BOOKER's home.

94. The primary, obvious, and sole purpose of the illegal and unlawful entry of DEBORAH BOOKER's home was to deprive and infringe upon DEBORAH BOOKER's constitutional rights to be free from unlawful police entry. As a result, DEBORAH BOOKER was deprived of her rights under the Fourth Amendment of the United States Constitution. Violation of this right entitles DEBORAH BOOKER to an award of damages for loss of that right and the damages that resulted therefrom.

95. Defendant, CORPORAL KEVIN VILCHES took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of DEBORAH BOOKER. The acts of Defendant, CORPORAL KEVIN VILCHES violated the clearly established constitutional rights of DEBORAH BOOKER, rights of which every reasonable officer knows.

96. Defendant CORPORAL KEVIN VILCHES knew that his actions would deprive DEBORAH BOOKER of her constitutional rights

but proceeded with the unlawful action of entering the DEBORAH

BOOKER's home with willful disregard for the consequences of his

actions.

97. As a direct result of Defendant, CORPORAL KEVIN VILCHES 's

actions, DEBORAH BOOKER has suffered damages, including but not

limited to, physical inconvenience, physical discomfort and pain,

physical suffering, emotional damage, mental suffering, damage

suffered to her reputation, and all others damages associated with the

unlawful entry of DEBORAH BOOKER's home, which exist to this

day and which emotional suffering and damage is likely to continue

into the future.

98. DEBORAH BOOKER has retained the undersigned counsel to bring

this action under 42 U.S.C §1983 and is entitled to recover from

Defendant, CORPORAL KEVIN VILCHES a reasonable fee for said

counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, DEBORAH BOOKER, respectfully requests this Court to

take jurisdiction of this cause and the parties to this action and enter an award

of damages against Defendant CORPORAL KEVIN VILCHES, in his

individual capacity, and to award DEBORAH BOOKER his attorneys fees

and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, DEBORAH BOOKER requests punitive damages against Defendant, CORPORAL KEVIN VILCHES, individually, for his conduct, which would deter him and others from such conduct in the future.

**COUNT VI**
**42 U.S.C. § 1983**
(DEBORAH BOOKER claim of Unlawful Entry against OFFICER DREW EVANS

99. This is an action for violation of civil rights under 42 U.S.C. § 1983 against Defendant, OFFICER DREW EVANS.

100. DEBORAH BOOKER realleges the allegations contained in paragraphs 1-3, 5, 8-9, and 11-47 above, as if fully set forth herein.

101. OFFICER DREW EVANS is a police officer employed by the City of Clermont Police Department.

102. The Fourth Amendment to the United States Constitution is violated when a police officer enters the home (a) without a warrant, or (b) absent probable cause and (c) exigent circumstances.

103. DEBORAH BOOKER has the right under the United States Constitution to be secure from unlawful entry of her home.

104. On or about September 3, 2020, Defendant, OFFICER DREW EVANS, in his individual capacity while working as a City of Clermont

Police Officer deprived DEBORAH BOOKER of her rights under the United States Constitution, in violation of 42 U.S.C. § 1983, in that, without a warrant or warrant exception OFFICER DREW EVANS entered the DEBORAH BOOKER's home.

105.    Defendant's illegal entry of DEBORAH BOOKER's home caused DEBORAH BOOKER to be deprived of her liberty and property thereby causing DEBORAH BOOKER physical and emotional pain and suffering. Defendant, OFFICER DREW EVANS had no legal right to enter DEBORAH BOOKER's home.

106.    The primary, obvious, and sole purpose of the illegal and unlawful entry of DEBORAH BOOKER's home was to deprive and infringe upon DEBORAH BOOKER's constitutional rights to be free from unlawful police entry. As a result, DEBORAH BOOKER was deprived of her rights under the Fourth Amendment of the United States Constitution. Violation of this right entitles DEBORAH BOOKER to an award of damages for loss of that right and the damages that resulted therefrom.

107.    Defendant, OFFICER DREW EVANS took the actions complained of above with knowledge that the actions were in direct

violation of the United States Constitution and the rights of DEBORAH

BOOKER. The acts of Defendant, OFFICER DREW EVANS violated

the clearly established constitutional rights of DEBORAH BOOKER,

rights of which every reasonable officer knows.

108.    Defendant, OFFICER DREW EVANS knew  that  his  actions

would   deprive  DEBORAH BOOKER  of  her constitutional  rights

but  proceeded  with the unlawful  action of entering the DEBORAH

BOOKER's home with willful  disregard  for the consequences of his

actions.

109.    As a direct result of Defendant, OFFICER DREW EVANS 's

actions, DEBORAH BOOKER has suffered damages, including but not

limited to,  physical  inconvenience,  physical  discomfort  and  pain,

physical  suffering,  emotional  damage,  mental  suffering,  damage

suffered to her reputation, and all others damages associated with the

unlawful entry of DEBORAH BOOKER's home, which exist to this

day and which emotional suffering and damage is likely to continue

into the future.

110.    DEBORAH BOOKER has retained the undersigned counsel to

bring this action under 42 U.S.C §1983 and is entitled to recover from

Defendant, OFFICER DREW EVANS a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, DEBORAH BOOKER, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant OFFICER DREW EVANS, in his individual capacity, and to award DEBORAH BOOKER his attorneys fees and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, DEBORAH BOOKER requests punitive damages against Defendant, OFFICER DREW EVANS, individually, for his conduct, which would deter him and others from such conduct in the future.

### COUNT VII
### 42 U.S.C. § 1983
### EXCESSIVE FORCE
(Plaintiff, DEBORAH BOOKER claim against Defendant, CORPORAL KEVIN VILCHES)

111.   COMES NOW, Plaintiff, by and through his undersigned counsel, and sues Defendant, VILCHES, in his individual capacity and in support thereof, states as follows:

112.   Plaintiff realleges the allegations contained in paragraphs 1-7, 9-37, and 39-47 as if fully set forth herein.

113.    Plaintiff has the right under the United States Constitution to be free from the use of excessive force when officers effectuate an arrest.

114.    The actions of Defendant, VILCHES amount to deliberate indifference to the rights of the Plaintiff to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

115.    Defendant, VILCHES attacked the Plaintiff during the course of an arrest in which VILCHES slammed the Plaintiff to the ground after he unlawfully entered her home.

116.    Defendant, VILCHES, acted with deliberate indifference to the Plaintiff's  rights and as a direct and proximate result of the violation of his constitutional right to be free from the use of excessive force during an arrest, the Plaintiff suffered serious personal injuries and is entitled to relief under 42 U.S.C. §1983.  These include but are not limited to:   physical inconvenience, physical scarring, pain and suffering,   emotional damage, damage to his reputation, mental suffering and anguish, and all other damages associated with excessive force used against the Plaintiff.

117.    Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant,

VILCHES a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, DEBORAH BOOKER, prays for damages against Defendant, VILCHES in his individual capacity, and an award of Plaintiff's attorney's fees.  In addition, Plaintiff requests punitive damages against Defendant, VILCHES, in his individual capacity, for his conduct, which would deter him from such tortious conduct in the future.

## COUNT VIII
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
## POLICY, PRACTICE OR PROCEDURE, RATIFICATION & FAILURE TO TRAIN
## AND ADEQUATELY SUPERVISE
(MICHAEL BOOKER against GRINNELL)

118.     MICHAEL BOOKER re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-3, 4, 6-7, and 10-47 of this Complaint.

119.     GRINNELL implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees to conduct warrantless entries and arrests in peoples homes in the absence of probable cause, exigent circumstance or a warrant.

120.     On September 3, 2020, the unlawful actions of CORPORAL

KEVIN VILCHES was caused by GRINNELL'S failure to adequately train and supervise CORPORAL KEVIN VILCHES.

121.    GRINNELL has been placed on notice that its employees need training to prevent the unlawful entry and arrest of citizens in their residence.

122.    GRINNELL has been placed on notice that its employees need more supervision and/or training to prevent the unlawful entry into citizen's residence.

123.    The failure of GRINNELL to adequately train and supervise CORPORAL KEVIN VILCHES amounts to deliberate indifference to the rights of MICHAEL BOOKER to be free from unreasonable seizures under the Fourth Amendment to the Constitution of the United States.

124.    CORPORAL KEVIN VILCHES was an employee of GRINNELL, when he unlawfully entered MICHAEL BOOKER's home, in the absence  of probable cause, exigent circumstance, and a warrant.

125.    MICHAEL BOOKER has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons as is enjoyed by citizens.

126.     As a result of this deliberate indifference to MICHAEL

BOOKER'S rights, MICHAEL BOOKER suffered injuries and is

entitled to relief under 42 U.S.C. §1983.

127.     In committing the acts complained of herein, GRINNELL

allowed its employees to deprive MICHAEL BOOKER as alleged

herein of certain constitutionally protected rights including, but not

limited to the right to be free from unreasonable searches and seizures

and the right not to be deprived of liberty without due process of law.

128.     GRINNELL is liable for the damages suffered by MICHAEL

BOOKER based on its failure to adopt and implement policies and

procedures that would adequately protect MICHAEL BOOKER'S

rights under federal and state law, for its failure to adequately train

and supervise its officers.

WHEREFORE, MICHAEL BOOKER demands judgment for damages

against GRINNELL, cost of this action, and such other and further relief as

the Court deems appropriate.

### COUNT IX
### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C.
### §1983
### POLICY, PRACTICE OR PROCEDURE, RATIFICATION &
### FAILURE TO TRAIN
### AND ADEQUATELY SUPERVISE
(DEBORAH BOOKER against GRINNELL)

129.    DEBORAH BOOKER re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-3, 4, 6-7, and 10-47 of this Complaint.

130.    GRINNELL implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees to conduct warrantless entries and arrests in people's homes in the absence of probable cause, exigent circumstance or a warrant.

131.    On September 3, 2020, the unlawful actions of CORPORAL KEVIN VILCHES were caused by GRINNELL'S failure to adequately train and supervise CORPORAL KEVIN VILCHES.

132.    GRINNELL has been placed on notice that its employees need training to prevent the unlawful entry and arrest of citizens in their residence.

133.    GRINNELL has been placed on notice that its employees need more supervision and/or training to prevent unlawful entry into citizen's residences.

134.    The failure of GRINNELL to adequately train and supervise CORPORAL KEVIN VILCHES amounts to deliberate indifference to the rights of DEBORAH BOOKER to be free from unreasonable

seizures under the Fourth Amendment to the Constitution of the United States.

135.    CORPORAL KEVIN VILCHES was an employee of GRINNELL, when he unlawfully entered DEBORAH BOOKER's home, in the absence probable cause, exigent circumstance, and a warrant.

136.    DEBORAH BOOKER has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons as is enjoyed by citizens.

137.    As a result of this deliberate indifference to DEBORAH BOOKER'S rights, DEBORAH BOOKER suffered injuries and is entitled to relief under 42 U.S.C. §1983.

138.    In committing the acts complained of herein, GRINNELL allowed its employees to deprive DEBORAH BOOKER as alleged herein of certain constitutionally protected rights including, but not limited to the right to be free from unreasonable searches and seizures and the right not to be deprived of liberty without due process of law.

139.    GRINNELL is liable for the damages suffered by DEBORAH BOOKER based on its failure to adopt and implement policies and procedures that would adequately protect DEBORAH BOOKER'S

rights under federal and state law, for its failure to adequately train and supervise its officers.

WHEREFORE, DEBORAH BOOKER demands judgment for damages against GRINNELL, cost of this action, and such other and further relief as the Court deems appropriate.

## STATE CLAIMS

### COUNT X
### FALSE IMPRISONMENT
(MICHAEL BOOKER against VILCHES)

140.    COMES NOW, MICHAEL BOOKER, by and through his undersigned counsel, and sues CORPORAL KEVIN VILCHES, in his individual and official capacity and in support thereof, states as follows:

141.    MICHAEL BOOKER re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-7, 9-37, and 39-47 of this Complaint.

142.    That on September 3, 2020, the MICHAEL BOOKER was falsely imprisoned by VILCHES for no apparent reason, other than in retaliation for failing to initially provide consent for the search of

MICHAEL BOOKER 's residence and to provide his identification while in his home.

143.    On the same date, MICHAEL BOOKER was falsely imprisoned by VILCHES  when falsely arresting him without probable cause for the offense of Resisting Arrest Without Violence in violation of Fla. Stat. § 843.02.

144.    That the criminal proceeding based upon the arrest was terminated in MICHAEL BOOKER'S favor, where the State Attorney's Office for the 5th Judicial Circuit filed a Nolle Prosequi on December 9, 2020.

145.    That there was an absence of probable cause to move forward with criminal charges against the MICHAEL BOOKER  for the offense of Resisting Arrest Without Violence in violation of Fla. Stat. § 843.02 and there was no warrant to arrest MICHAEL BOOKER .

146.    MICHAEL BOOKER aver that VILCHES  breached a duty of care owed to MICHAEL BOOKER , so as not to deprive him of his personal liberty, by intentionally restraining or detaining MICHAEL BOOKER  without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

147.    MICHAEL BOOKER avers that VILCHES, without probable cause, wrongfully and unlawfully detained and restrained MICHAEL BOOKER  against his will.

148.    MICHAEL BOOKER avers that VILCHES is liable to him for false imprisonment.

149.    As a direct and proximate result of the false imprisonment by the VILCHES , MICHAEL BOOKER  suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment.

WHEREFORE, MICHAEL BOOKER   demands judgment for damages against VILCHES, including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT XI**
**FALSE IMPRISONMENT**
(DEBORAH BOOKER against VILCHES)

150.    COMES NOW, DEBORAH BOOKER, by and through his undersigned counsel, and sues CORPORAL KEVIN VILCHES, in his individual and official capacity and in support thereof, states as follows:

151.    DEBORAH BOOKER re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-7, 9-37, and 39-47 of this Complaint.

152.    That on September 3, 2020, the DEBORAH BOOKER was falsely imprisoned by VILCHES for no apparent reason, other than in retaliation for failing to initially provide consent for the search of DEBORAH BOOKER 's residence and to provide her identification while in her home.

153.    On the same date, DEBORAH BOOKER was falsely imprisoned by VILCHES when falsely arresting her without probable cause for the offense of Resisting Arrest Without Violence in violation of Fla. Stat. § 843.02.

154.    That the criminal proceeding based upon the arrest was terminated in DEBORAH BOOKER'S favor, where the State Attorney's Office for the 5th Judicial Circuit filed a Nolle Prosequi on December 9, 2020.

155.     That there was an absence of probable cause to move forward with criminal charges against DEBORAH BOOKER for the offense of Resisting Arrest Without Violence in violation of Fla. Stat. § 843.02 and there was no warrant to arrest DEBORAH BOOKER.

156.     DEBORAH BOOKER aver that VILCHES breached a duty of care owed to DEBORAH BOOKER, so as not to deprive DEBORAH BOOKER of her personal liberty, by intentionally restraining or detaining DEBORAH BOOKER without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

157.     DEBORAH BOOKER avers that VILCHES, without probable cause, wrongfully and unlawfully detained and restrained DEBORAH BOOKER against her will.

158.     DEBORAH BOOKER avers that VILCHES is liable to her for false imprisonment.

159.     As a direct and proximate result of the false imprisonment by the VILCHES, DEBORAH BOOKER suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to her good

name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment.

WHEREFORE, DEBORAH BOOKER demands judgment for damages against VILCHES, including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XII
## FALSE IMPRISONMENT
(DEBORAH BOOKER against EVANS)

160.    COMES NOW, DEBORAH BOOKER, by and through his undersigned counsel, and sues OFFICER DREW EVANS, in his individual and official capacity and in support thereof, states as follows:

161.    DEBORAH BOOKER re-allege and incorporate herein by reference the allegations set forth in paragraphs 1-3, 5, 8-9, and 11-47 of this Complaint.

162.    That on September 3, 2020, the DEBORAH BOOKER was falsely imprisoned by EVANS  for no apparent reason, other than in retaliation for failing to initially provide consent for the search of DEBORAH BOOKER 's residence and to provide her identification while in her home.

163.    On the same date, DEBORAH BOOKER was falsely imprisoned by EVANS  when falsely arresting her without probable cause for the

offense of Resisting Arrest Without Violence in violation of Fla. Stat. § 843.02.

164.   That the criminal proceeding based upon the arrest was terminated in DEBORAH BOOKER'S favor, where the State Attorney's Office for the 5th Judicial Circuit filed a Nolle Prosequi on December 9, 2020.

165.   That there was an absence of probable cause to move forward with criminal charges against DEBORAH BOOKER for the offense of Resisting Arrest Without Violence in violation of Fla. Stat. § 843.02 and there was no warrant to arrest DEBORAH BOOKER.

166.   DEBORAH BOOKER aver that EVANS breached a duty of care owed to DEBORAH BOOKER, so as not to deprive DEBORAH BOOKER of her personal liberty, by intentionally restraining or detaining DEBORAH BOOKER without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

167.   DEBORAH BOOKER avers that EVANS, without probable cause, wrongfully and unlawfully detained and restrained DEBORAH BOOKER against her will.

168.   DEBORAH BOOKER avers that EVANS is liable to her for false imprisonment.

169.     As a direct and proximate result of the false imprisonment by the

EVANS, DEBORAH BOOKER  suffered and will continue to suffer in

the future, physical inconvenience and discomfort, physical suffering,

mental pain and suffering, embarrassment, humiliation, deprivation of

liberty and property, disgrace, and injury to her good name, loss of time,

losses of business and employment opportunity, expenses incurred as a

result of unlawful detainment.

WHEREFORE, DEBORAH BOOKER demands judgment for damages

against EVANS, including exemplary damages, cost of this action, and such

other and further relief as the Court deems appropriate.

### COUNT XIII
### TRESPASS
(MICHAEL BOOKER against VILCHES)

170.     MICHAEL BOOKER re-alleges and incorporates herein by

reference the allegations set forth in paragraphs 1-7, 9-37, and 39-47 of

this Complaint.

171.     On September 3, 2020, VILCHES willfully entered the residence

of MICHAEL BOOKER.

172.     VILCHES was not authorized, licensed or invited to enter

MICHAEL BOOKER'S residence.

173.     VILCHES had noticed he was not authorized to enter MICHAEL

BOOKER'S residence, in part but not limited to the fact that MICHAEL

BOOKER specifically told VILCHES he was not allowed to enter his

residence and he closed the door.

174.     MICHAEL BOOKER did not provide consent, permission or

authorization to VILCHES to enter into his residence.

175.     VILCHES committed a trespass by entering into MICHAEL

BOOKER'S residence without MICHAEL BOOKER'S permission.

176.     As a direct and proximate result of the actions by VILCHES the

Plaintiff suffered and will continue to suffer in the future, damage to

his reputation, mental pain and suffering, embarrassment, humiliation,

deprivation of liberty and property, disgrace, and injury to his good

name.

WHEREFORE, MICHAEL BOOKER demands judgment for damages

against VILCHES, cost of this action, and such other and further relief as the

Court deems appropriate.

## COUNT XIV
## TRESPASS
(DEBORAH BOOKER against VILCHES)

177.    DEBORAH BOOKER re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-7, 9-37, and 39-47 of this Complaint.

178.    On September 3, 2020, VILCHES willfully entered into the residence of DEBORAH BOOKER.

179.    VILCHES was not authorized, licensed or invited to enter DEBORAH BOOKER'S residence.

180.    VILCHES had notice he was not authorized to enter DEBORAH BOOKER'S residence, in part but not limited to the fact that DEBORAH BOOKER specifically told VILCHES he was not allowed to enter into her residence and MICHAEL BOOKER closed the door.

181.    DEBORAH BOOKER did not provide consent, permission or authorization to VILCHES to enter into his residence.

182.    VILCHES committed a trespass by entering into DEBORAH BOOKER'S residence without DEBORAH BOOKER'S permission.

183.    As a direct and proximate result of the actions by VILCHES the Plaintiff suffered and will continue to suffer in the future, damage to her reputation, mental pain and suffering, embarrassment, humiliation,

deprivation of liberty and property, disgrace, and injury to his good name.

WHEREFORE, DEBORAH BOOKER demands judgment for damages against VILCHES, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XV
## TRESPASS
(DEBORAH BOOKER against EVANS)

184.     DEBORAH BOOKER re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-3, 5, 8-9, and 11-47 of this Complaint.

185.     On September 3, 2020, VILCHES willfully entered into the residence of DEBORAH BOOKER.

186.     EVANS was not authorized, licensed or invited to enter DEBORAH BOOKER'S residence.

187.     EVANS had notice he was not authorized to enter DEBORAH BOOKER'S residence, in part but not limited to the fact that DEBORAH BOOKER specifically told EVANS he was not allowed to enter into her residence and MICHAEL BOOKER closed the door.

188.     DEBORAH BOOKER did not provide consent, permission or authorization to EVANS to enter into his residence.

189.     EVANS committed a trespass by entering into DEBORAH

BOOKER'S residence without DEBORAH BOOKER'S permission.

190.     As a direct and proximate result of the actions by EVANS the

Plaintiff suffered and will continue to suffer in the future, damage to

her reputation, mental pain and suffering, embarrassment, humiliation,

deprivation of liberty and property, disgrace, and injury to his good

name.

WHEREFORE, DEBORAH BOOKER demands judgment for damages

against EVANS, cost of this action, and such other and further relief as the

Court deems appropriate.

### COUNT XVI
### BATTERY
(DEBORAH BOOKER against VILCHES)

191.     Plaintiff re-allege and incorporate herein by reference the

allegations set forth in paragraphs 1-7, 9-37, and 39-47 of this

Complaint.

192.     Plaintiff avers that the actions of the Defendant, VILCHES

breached a duty of care owed to Plaintiff, DEBORAH BOOKER, to not

cause her physical harm or injury, except to the extent allowed by law.

193.    Plaintiff avers that the Defendant, VILCHES knowingly, wantonly, intentionally, and with gross disregard for the rights of DEBORAH BOOKER intentionally attacked DEBORAH BOOKER during the course of her arrest in which VILCHES slammed DEBORAH BOOKER to the ground the ground.

194.    That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff suffered and will continue to suffer in the future, physical inconvenience emotional damage, damage to her reputation, and expenses incurred as a result of the battery.

WHEREFORE, DEBORAH BOOKER demands judgment for damages against VILCHES, cost of this action, and such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 1.430(a), Florida Rules of Civil Procedure, Plaintiffs' MICHAEL BOOKER and DEBORAH BOOKER hereby demands a trial by jury for all issues triable.

Dated this 12th day of December 2023.

**Haynes Law, P.A.**

**__/s/ Carlus Haynes_____**

**CARLUS HAYNES, ESQUIRE**
Florida Bar Number: 0935611
champ@fighting4ulaw.com
8615 Commodity Circle, Unit 6
Orlando, FL 32819
Tel: 407-246-0077/Fax: 407-246-0078
Attorney for Plaintiffs