**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**MICHAEL BOOKER and DEBORAH BOOKER,**

    **Plaintiffs,**

v.                                                        Case No: 5:23-cv-715-JSM-PRL

**PEYTON C. GRINNELL, KEVIN VILCHES and DREW EVANS,**

    **Defendants.**

## ORDER

This matter arises out of efforts taken by law enforcement officers—Defendants Corporal Kevin Vilches and Officer Drew Evans—to investigate the crime of battery on a child, J.B., as witnessed by reporting parties. Apparently, J.B. was a student at Lake Mineola Charter School but was attending school virtually via Zoom on September 3, 2020, when school officials observed an adult black male hitting or punching J.B. on camera. (Doc. 28 at 2). The Defendant officers allegedly went to the residence of Plaintiffs, who are J.B.'s grandparents,[1] to investigate because the school gave the officers that address and said that J.B. had lived in that home.

Plaintiffs allege that Corporal Vilches and Officer Evans knocked on their door at their residence and demanded that they step outside because they were responding to a report related to a battery of a child that they believed resided in the Bookers' home. Plaintiffs

---

[1] According to defense counsel, it is his understanding that Plaintiffs Michale and Deborah Booker are J.B.'s grandparents. (Doc. 28 at 2).

informed Corporal Vilches and Officer Evans that no children resided at their home. Plaintiffs allege that when they refused to provide identification, the officers entered their home and arrested them for resisting without violence. The charges against them were later dismissed. Plaintiffs filed this action alleging that the Defendant officers unlawfully entered their home without a warrant or warrant exception and unlawfully arrested them without probable cause or arguable probable cause.

Now, Officer Evans has filed a motion to compel production of J.B.'s educational records from the Lake County School District a/k/a Lake County School. (Doc. 28). He claims that these records are needed to confirm that Plaintiffs' address was an address of record for J.B. and to see whether either Plaintiff was identified as a substitute guardian or emergency contact regarding J.B. In addition, he seeks information regarding the battery on J.B. as witnessed by reporting parties, including the video and witness statements.

While educational records are afforded significant privacy protections under both state and federal law, courts have allowed disclosure when the moving party has shown that its interests outweigh the student's privacy interests. *Bigge v. District School Bd. Of Citrus County, Fla.*, No. 5:11-cv-210-Oc-10TBS, 2011 WL 6002927, *1-2 (M.D. Fla. Nov. 28, 2011). In this case, Officer Evans has demonstrated a need for the requested education records because they are directly relevant to whether Officer Evans had probable cause (or arguable probable cause) to arrest Plaintiffs. No objection has been raised by other parties to this action, and according to counsel, J.B.'s parents were advised in writing regarding this motion by letter dated August 1, 2024, but they have not responded.

Under these circumstances, I find that an order requiring disclosure of the requested educational records is appropriate because the information Officer Evans seeks is clearly

- 3 -

relevant to his defense and is in the exclusive control of Lake County School District. While the Court is mindful of the privacy interest of J.B., such interest is outweighed by Officer Evan's need to obtain the information contained in those records. However, in order to temper the privacy concerns, Lake County School District shall produce only those records specifically identified by Officer Evans in his motion: (a) address(es) of record for J.B.; (b) substitute guardian(s) or emergency contact(s) for J.B.; and (c) any information regarding the battery on J.B. as witnessed by reporting parties on September 3, 2020, including video and witness statements. All other information shall be excluded or otherwise redacted.

      **DONE** and **ORDERED** in Ocala, Florida on September 17, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties